UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

MITSUI SUMITOMO INSURANCE
CO. LTD.,

   Plaintiff,

vs.

HUB GROUP, INC.,

   Defendant.
_____/

## **C O M P L A I N T**

 COMES NOW the Plaintiff, MITSUI SUMITOMO INSURANCE CO., LTD., by and through its undersigned attorneys, and sues the Defendant, HUB GROUP, INC., and for its Complaint alleges as follows:

1. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action includes claims arising from the carriage of goods in interstate commerce and is governed by federal statutes related thereto, including the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack"), 49 U.S.C. § 14706, in addition to federal common law. Concurrently the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the citizenship of the parties is diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. There is also supplemental jurisdiction under 28 U.S.C. § 1367.

2. Venue is proper in this Court as (a) the loss of the Shipment reportedly occurred within this district; (b) the contract of carriage called for performance, i.e. delivery, within this district; and (c) defendants are present and/or conducting business and/or operating within this

district and are subject to personal jurisdiction in this district.  *See* 28 U.S.C. § 1391(b)(1)(2) and (c).

3. The Plaintiff, MITSUI SUMITOMO INSURANCE CO., LTD., (hereinafter referred to as "MSI") is a foreign corporation duly formed and existing under the laws of Japan with its principal place of business in Tokyo, Japan, and who was and is at all times material hereto, the insurer of the shipment described herein, against whom claims have been presented and paid, and is subrogated thereto and brings this action on its own behalf and as agent and trustee on the behalf of, all parties that may be or may become interested in said shipment as their respective interests may ultimately appear, and is entitled to maintain this action.

4. The Defendant, HUB GROUP, INC. (hereinafter "HUB"), upon information and belief, is an Illinois corporation with its principal place of business in Illinois and was engaged in business within the jurisdiction of this Honorable Court providing services related to the interstate transportation of cargo, including but not limited to the carriage and/or arrangement of the carriage of cargo shipments and was the contracted carrier of the subject cargo herein below described.

5. Upon information and belief, on or about February 22, 2011, MSI's insured, Sharp Electronics Corporation, contracted with HUB, to arrange for the transportation of and/or to transport a shipment consisting of 516 Sharp LCD televisions from Rancho Cucamonga, California to Brandsmart in Hollywood, Florida. See Bill of Lading attached hereto as Exhibit "A".

6. At the time of receipt by the Defendant, said cargo was in good order and sound condition as evidenced by the Bill of Lading issued without exceptions, a copy of which is attached hereto as Exhibit "A".

7. The shipment was delivered at destination in Hollywood, Florida with a shortage of 222 televisions.

8. As a result thereof, the Plaintiff has suffered damages in an amount in excess of $89,030.88.

9. That Plaintiff has complied with all conditions precedent to the bringing of this action.

### COUNT I – BREACH OF CONTRACT AND/OR DUTIES UNDER THE CARMACK AMENDMENT

The Plaintiff realleges and repeats paragraphs 1 through 9 as if set forth herein at length and alleges further that:

10. Defendant, HUB, was responsible for, and in consideration of certain freight charges paid or to be paid, contracted to provide transportation for the subject shipment from Rancho Cucamonga, California to Brandsmart in Hollywood, Florida. See Exhibit "A".

11. Defendant assumed responsibility for, and was responsible for, the care and custody of the subject shipment from the point of shipment, i.e. Rancho Cucamonga, California, to the place of delivery in Hollywood, Florida, including the period of custody of any subcontractors.

12. By reason of the foregoing, Defendant was a receiving and/or delivering carrier within the meaning of the Carmack Amendment, 49 U.S.C. § 14706 ("the Carmack Amendment").

13. The subject cargos herein described were delivered to the Defendant in good order and sound condition.

14. Portions of the subject cargos which were being transported by the Defendant were lost and/or stolen during transit.

15. By reason of the failure to deliver the subject shipments to the intended consignees at destination in the same good order and sound condition as when received by Defendant in

California, Defendant, as a carrier under the Carmack Amendment, breached its duties under the Carmack Amendment, and/or under the contract of carriage, and is liable to Plaintiff.

16. By reason of the foregoing, Plaintiff has sustained damages in an amount in excess of $89,030.88, plus related fees, charges and expenses. Plaintiff reserves the right to amend this amount at the time of trial.

### COUNT II – NEGLIGENCE
*(Alternative Count as to HUB)*

The Plaintiff realleges and repeats paragraphs 1 through 9 as if set forth herein at length and alleges further that:

17. If and to the extent the Court concludes that HUB did not function as a carrier under the Carmack Amendment, Plaintiff pleads the following as an alternative cause of action.

18. HUB had the duty to exercise reasonable care of said cargo to prevent damage or loss of the cargo.

19. HUB breached its duty by failing to deliver the entire shipment of cargo in the same good order and condition as when received.

20. As a proximate result thereof, the Plaintiff has been damaged in an amount in excess of $89,030.88, plus related fees, charges and expenses. Plaintiff reserves the right to amend this amount at the time of trial.

### COUNT III – BREACH OF CONTRACT
*(Alternative Count as to HUB)*

The Plaintiff realleges and repeats paragraphs 1 through 9 as if set forth herein at length and alleges further that:

21. If and to the extent the Court concludes that HUB did not function as a carrier under the Carmack Amendment, Plaintiff pleads the following as an alternative cause of action.

22. The Defendant, HUB contracted and agreed to deliver said cargo in the same good order and sound condition as when received and as evidence of that agreement Plaintiff attaches hereto as Exhibit "A" the Bill of Lading issued without exceptions.

23. The Defendant, HUB breached its contract of carriage by not delivering all of the cargo at destination and as a proximate result thereof, the Plaintiff has been damaged in an amount in excess of $89,030.88, plus related fees, charges and expenses. Plaintiff reserves the right to amend this amount at the time of trial.

**WHEREFORE**, the Plaintiff, MITSUI SUMITOMO INSURANCE CO. LTD., prays that judgment be entered against the Defendant, HUB GROUP, INC., in favor of the Plaintiff in an amount in excess of $89,030.88, plus related fees, charges and expenses, or as otherwise determined by this Court together with prejudgment interest, costs and such other relief as this Court may deem just and proper.

DATED this 7th day of May, 2013.

                                                CASSIDY & BLACK, P.A.
                                                *Attorneys for Plaintiff*
                                                Dadeland Square at the Greenery Mall
                                                7700 North Kendall Drive, Suite 505
                                                Miami, Florida 33156
                                                Tel.: (305) 271-8301
                                                Fax: (305) 271-8302

                                                *S/Michael C. Black*
By: _____
                                                MICHAEL C. BLACK, ESQUIRE
                                                F.B.N.: 0056162
                                                KATE S. GOODSELL, ESQUIRE
                                                FBN 0063399